932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald C. TURNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2971.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1991.
Decided May 16, 1991.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Gerald C. Turner applied for disability benefits, to which he is entitled only if he was completely disabled on or before March 31, 1987, the last date on which he met the earnings requirements of the Social Security Act. After state officials turned down Turner's application, an administrative law judge held a hearing. The ALJ, the Appeals Council, a magistrate judge, and finally a district judge all concluded that the evidence in the record does not demonstrate disability by the critical date.
 
 
 2
 Turner's argument on appeal is not so much that the ALJ erred in evaluating the evidence before him as that he should have gathered more evidence. We disagree. Turner was represented by counsel in the administrative proceeding. His was the burden of persuasion. 42 U.S.C. Sec. 423(d)(5)(A). The Social Security Administration engaged Drs. Oh and Pardo to examine the extensive medical records; it was their view that Turner could work in March 1987. Even Turner's treating physician, Dr. Weisgerber, believed that Turner's ability to sit, stand, and move about was "O.K." at that time. Turner's cardiologist, Dr. Vallala, found his conditions "under control" in October 1987. Unless the ALJ is supposed to keep gathering evidence until he lights on some physician who thinks the applicant disabled, there was nothing more to do. Administrative law judges are entitled to call a halt to the evidence-gathering process. This ALJ listened to all of the evidence Turner's lawyer presented, and gathered more besides. Neither the statute nor the regulations call for more.
 
 
 3
 Substantial evidence in the record supports the decision that in March 1987 Turner could do sedentary work and therefore was not disabled.
 
 
 4
 AFFIRMED.